**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| MATTHEW GILMER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:10-cv-0969 |
| | ) | JUDGE CAMPBELL |
| | ) | Magistrate Judge Brown |
| | ) | |
| T.R. FRANKLIN, INC. d/b/a TIN ROOF II or | ) | |
| TIN ROOF 2, JASON SHEER, KYLE | ) | |
| McPHEE, GREG ROMINE, LARSEN | ) | |
| McCOLL PARTNERS, LP, SMW | ) | |
| CAROTHERS, LLC, NDG CAROTHERS LLC, | ) | |
| NDG PROPERTIES, INC., GREGORY | ) | |
| HANSON, STEWART CROSS, JOSHUA | ) | |
| EDWARDS, and IAN HERRIN, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF T.R. FRANKLIN, INC. D/B/A TIN ROOF II, JASON SHEER,
KYLE MCPHEE AND GREG ROMINE**

Come now the defendants, T.R. Franklin, Inc. d/b/a Tin Roof II, Jason Sheer, Kyle McPhee, and Greg Romine, by and through counsel, and for their answer to plaintiff's complaint, would show this Honorable Court as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of the first two grammatical sentences of paragraph one of the complaint. If by "the vicious assault which is the subject of this complaint," the plaintiff is referring to his allegations of what occurred, defendants deny the remaining averments of paragraph one.

2. Defendants admit T.R. Franklin, Inc. is a Tennessee corporation located in Williamson County, Tennessee. Defendants admit T.R. Franklin, Inc. serves alcohol. T.R. Franklin, Inc. denies the remaining averments of paragraph two.

3. Defendants admit Jason Sheer, Kyle McPhee and Greg Romine, are citizens and residents of the State of Tennessee and further admit these gentleman own T.R. Franklin, Inc. d/b/a Tin Roof II and as such, have input into the operation of the restaurant and have a right to share in the profits of the corporation. Defendants deny the remaining averments of paragraph three.

4. Defendants admit Larsen McColl Partners, L.P. is an venture capital group with its principal office in Pennsylvania, but are without knowledge or information sufficient to form a belief as to the truth of the averment the principal office is located in Radner, Pennsylvania. Defendants deny all remaining averments of paragraph four.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of the first two grammatical sentences of paragraph five and deny the remaining averments of paragraph five.

6. Upon information and belief, defendants admit the averments of the first grammatical sentence of paragraph six. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of the second grammatical sentence of paragraph six and deny the remaining averments of paragraph six.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of the first two grammatical sentences of paragraph seven and deny the remaining averments of paragraph seven.

8. Defendants admit plaintiff was struck with a golf club. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph eight.

9. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through eight of the complaint.

10. Defendants admit plaintiff seeks recovery of damages in excess of the jurisdictional minimum required by this Court. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph ten.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eleven.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph twelve that plaintiff was attacked. Defendants admit the remaining averments of paragraph twelve.

13. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through twelve of the complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph fourteen.

15. Defendants admit plaintiff was on the premises of the Tin Roof but are without knowledge or information sufficient to form a belief as to the truth of the averment that he was on the premises on October 17, 2009. Defendants believe the altercation between the plaintiff and some of the other defendants to this lawsuit occurred after midnight and therefore would have occurred on October 18, 2009.

Defendants admit the plaintiff was in the Tin Roof prior to the altercation but do not know if he was in the Tin Roof on the calendar day October 17, 2009. Defendants admit the remaining averments of paragraph fifteen.

16. Defendants deny the averments of paragraph sixteen.

17. Defendants admit plaintiff and his friends were instructed to relocate their position inside the Tin Roof. Defendants deny the remaining averments of paragraph seventeen.

18. Defendants deny the averments of paragraph eighteen.

19. Defendants deny the averments of paragraph nineteen.

20. Defendants deny the averments of the first, fourth, and fifth grammatical sentences of paragraph twenty. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph twenty.

21. Defendants deny the plaintiff was beaten unconscious. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph twenty-one.

22. Defendants deny the averments of paragraph twenty-two

23. Defendants admit the averments of the first grammatical sentence of paragraph twenty-three as it pertains to Jason Sheer, Kyle McPhee and Greg Romine. Defendants deny the remaining averments of paragraph twenty-three.

24. The averments of paragraph twenty-four are vague as it is not clear what "these and other acts of commission and omission" are referenced. Defendants therefore deny the averments of paragraph twenty-four.

25. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through twenty-four of the complaint.

26. Defendants admit the averments of paragraph twenty-six as they pertain to T.R. Franklin, Inc. d/b/a Tin Roof II with the exception they deny T.R. Franklin, Inc. d/b/a Tin Roof II had any such duty encompassing the common areas and parking lots. Defendants deny the averments of paragraph twenty-six as they pertaining to Larsen McColl Partners, LP. Defendants admit the averments of paragraph twenty-six as they pertain to the duty of NDG Properties, Inc. in relation to the common areas and parking lots. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph twenty-six.

27. T.R. Franklin, Inc. d/b/a Tin Roof II denies the averments of paragraph twenty-seven as they pertain to the parking lots and "all related facilities" and admit the remaining averments of paragraph twenty-seven as they pertain to it. Defendants deny the averments of paragraph twenty-seven as they pertaining to Larsen McColl Partners, LP. Defendants admit the averments of paragraph twenty-seven as they pertain to the duty of NDG Properties, Inc. in relation to the parking lots and related facilities. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph twenty-seven.

28. Defendants admit there have been altercations on its premises in Williamson County. Defendants are unsure how to answer the averment regarding "other Tin Roof establishments in Tennessee" because T.R. Franklin d/b/a Tin Roof II has no other Tin Roof establishments in Tennessee. Defendants are aware of the existence of other Tin Roof establishments in Tennessee and understand there have

been altercations at other establishments. Defendants deny the remaining averments of paragraph twenty-eight.

29. Defendants admit T.R. Franklin, Inc. d/b/a Tin Roof was aware of the risk of assault, injury, and harm to patrons of the Tin Roof. Defendants deny the averments of paragraph twenty-nine referencing the risk of assault, injury or harm to the plaintiff. Defendants deny the averments of paragraph twenty-nine as they pertain to Larsen McColl Partners, L.P. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph twenty-nine.

30. Defendants deny the averments of paragraph thirty.

31. Defendants deny the averments of paragraph thirty-one.

32. Defendants deny the averments of paragraph thirty-two.

33. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through thirty-two of the complaint.

34. Defendants admit the averments of paragraph thirty-four.

35. Defendants deny the averments of paragraph thirty-five.

36. Defendants deny the averments of paragraph thirty-six.

37. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through thirty-six of the complaint.

38. Defendants deny the averments of paragraph thirty-eight.

39. Defendants deny the averments of paragraph thirty-nine.

40. Defendants admit the employees of T.R. Franklin, Inc. d/b/a Tin Roof II were working with the company's knowledge, consent and authority in the course and scope of their employment and in the furtherance of the business of T.R. Franklin, Inc.

d/b/a Tin Roof II. Defendants admit the Doctrine of Respondeat Superior may apply. Defendants deny all remaining averments of paragraph forty.

41. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through forty of the complaint.

42. Defendants admit the averments of paragraph forty-two.

43. Defendants deny the averments of paragraph forty-three.

44. Defendants deny the averments of paragraph forty-four.

45. Defendants deny the averments of paragraph forty-five.

46. Defendants deny the averments of paragraph forty-six.

47. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through forty-six of the complaint.

48. Defendants admit the averments of paragraph forty-eight as they pertain to T.R. Franklin, Inc. d/b/a Tin Roof II. Defendants deny the averments of paragraph eighty-eight as they pertain to Larsen McColl partners, LP. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph forty-eight.

49. Defendants deny the averments of paragraph forty-nine as they pertain to Larsen McColl Partners, LP. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph forty-nine.

50. Defendants admit there have been altercations on its premises in Williamson County. Defendants are unsure how to answer the averment regarding "other Tin Roof establishments in Tennessee" because T.R. Franklin d/b/a Tin Roof II

has no other Tin Roof establishments in Tennessee. Defendants are aware of the existence of other Tin Roof establishments in Tennessee and understand there have been altercations at other establishments. Defendants deny the remaining averments of paragraph fifty.

51. Defendants deny the averments of paragraph fifty-one.

52. Defendants deny the averments of paragraph fifty-two.

53. Defendants deny the averments of paragraph fifty-three.

54. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through fifty-four of the complaint.

55. Defendants admit the averments of paragraph fifty-five.

56. Defendants admit the averments of paragraph fifty-six.

57. Defendants deny the averments of the first grammatical sentence of paragraph fifty-seven. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph fifty-seven.

58. Defendants deny the averments of paragraph fifty-eight.

59. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through fifty-eight of the complaint.

60. Defendants do not understand what is meant by "maintaining the lease agreement" and are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph sixty.

61. Defendants admit T.R. Franklin, Inc. was required to adhere to the terms of the lease of the premises. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining averments of paragraph sixty-one

62. Defendants deny any illegal activity occurred on the premises of T.R. Franklin, Inc. d/b/a Tin Roof II and deny the remaining averments of paragraph sixty-two.

63. Defendants deny any illegal activity occurred on the premises of T.R. Franklin, Inc. d/b/a Tin Roof II and deny the remaining averments of paragraph sixty-three.

64. Defendants deny the averments of paragraph sixty-four.

65. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through sixty-four of the complaint.

66. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph sixty-six.

67. Defendants deny any illegal activity occurred on the premises of T.R. Franklin, Inc. d/b/a Tin Roof II and deny the remaining averments of paragraph sixty-seven.

68. Defendants deny any illegal activity occurred on the premises of T.R. Franklin, Inc. d/b/a Tin Roof II and deny the remaining averments of paragraph sixty-eight.

69. Defendants deny the averments of paragraph sixty-nine.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph seventy.

71. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through seventy of the complaint.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph seventy-two.

73. Defendants deny plaintiff was "helpless and on the ground" during the altercation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph seventy-three.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph seventy-four.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph seventy-five.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph seventy-six.

77. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through seventy-six of the complaint.

78. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph seventy-eight.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph seventy-nine.

80. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eighty.

81. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eighty-one.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eighty-two.

83. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through eighty-two of the complaint.

84. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eighty-four.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eighty-five.

86. Defendants incorporate by reference as if set forth fully and at length their answers to the allegations of paragraphs one through eighty-five of the complaint.

87. Defendants deny the averments of paragraph eighty-seven as they pertain to them and as they pertain to Larsen McColl Partners, LP. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eighty-seven as they pertain to other defendants. Defendants deny plaintiff is entitled to any compensation from them or Larsen McColl Partners, LP. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eighty-seven as they pertain to other defendants.

88. Defendants deny plaintiff is entitled to any compensation from them or Larsen McColl Partners, LP. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eighty-eight as they pertain to other defendants.

89. Defendants deny the averments of paragraph eighty-seven as they pertain to them and as they pertain to Larsen McColl Partners, LP. Defendants are without

knowledge or information sufficient to form a belief as to the truth of the averments of paragraph eighty-nine as they pertain to other defendants.

90. Defendants deny all remaining averments of plaintiff's complaint not heretofore admitted or denied.

## AFFIRMATIVE DEFENSES

91. With regard to plaintiff's claim for punitive damages, T.R. Franklin, Inc. d/b/a Tin Roof, II, Jason Sheer, Kyle McPhee, and Greg Romine, would show the complaint fails to state a cause of action upon which relief may be granted.

92. T.R. Franklin, Inc. d/b/a Tin Roof, II, Jason Sheer, Kyle McPhee, and Greg Romine, would affirmatively state it is a violation of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's having to satisfy a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in any criminal case.

93. The procedures set forth by the State of Tennessee for awarding punitive damages may result in the reward of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clause of the Fourteenth Amendment of the United States Constitution.

94. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of awards against defendants, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

95. The procedures pursuant to which punitive damages are awarded fail to provide specific and set standards for the amount of punitive damage awards, which is in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

96. The procedures pursuant to which punitive damages may be awarded in the State of Tennessee permit damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the Equal Protection clause of the Fourteenth Amendment of the United States Constitution.

97. T.R. Franklin, Inc. d/b/a Tin Roof, II, Jason Sheer, Kyle McPhee, and Greg Romine, would further show no act or omission on the part of T.R. Franklin, Inc. d/b/a Tin Roof, II, Jason Sheer, Kyle McPhee, and Greg Romine, was intentional, fraudulent, malicious or reckless, which under the standards set forth in the State of Tennessee, must be shown by clear and convincing evidence, and as such, any award of punitive damages under the standards set forth in the State of Tennessee is unwarranted as to T.R. Franklin, Inc. d/b/a Tin Roof, II, Jason Sheer, Kyle McPhee, and Greg Romine.

98. Plaintiff's claim for punitive damages is a violation of T.R. Franklin, Inc. d/b/a Tin Roof, II, Jason Sheer, Kyle McPhee, and Greg Romine's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the parallel provisions of the Tennessee Constitution and is also a violation of the protection against excess fines and substantive due process provided in the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and the parallel provisions of the Tennessee Constitution.

99. Any award of punitive damages jointly and severally is violative of procedural safeguards provided to T.R. Franklin, Inc. d/b/a Tin Roof, II, Jason Sheer, Kyle McPhee, and Greg Romine, under the Sixth Amendment of the United States Constitution and punitive damages are penal in nature. Consequently, T.R. Franklin, Inc. d/b/a Tin Roof, II, Jason Sheer, Kyle McPhee, and Greg Romine, is/are entitled to at least the same safeguards as those afforded criminal defendants.

100. Further, in accordance with the Tennessee Supreme Court case of <u>Hodges v. S.C. Toof</u>, 833 S.W.2d, 896 (Tenn., 1992), T.R. Franklin, Inc. d/b/a Tin Roof, II, Jason Sheer, Kyle McPhee, and Greg Romine, demand a bifurcated trial, and demand that the issues of the T.R. Franklin, Inc. d/b/a Tin Roof, II, Jason Sheer, Kyle McPhee, and Greg Romine, liability for compensatory and punitive damages be bifurcated from the trial of the issues of the amount of punitive damages, if any.

101. T.R. Franklin, Inc. d/b/a Tin Roof, II, Jason Sheer, Kyle McPhee and Greg Romine deny they were in any manner negligent or at fault. Defendants allege the plaintiff was negligent and at fault for instigating the friction between him and the defendants Hanson, Cross, Edwards and Herrin, for not removing himself from their presence and staying away from them after being instructed to do so by employees of T.R. Franklin, Inc., d/b/a Tin Roof II, for remaining in the parking lot after being made to leave the premises of T.R. Franklin, Inc., d/b/a Tin Roof II, for being present when the defendants Hanson, Cross, Edwards and Herrin left, and at that time for not removing himself from the parking lot and avoiding the altercation. It is the plaintiff's negligence and fault which is the proximate cause of all of his alleged injuries and damages. Plaintiff is therefore barred from any recovery from these defendants. In the alternative,

any award against these defendants cannot exceed the percentage of negligence or fault, if any, attributable to these defendants.

102. If the factual averments of plaintiff's complaint are true and accurate, the injuries and damages for which he seeks recovery are the result of the intervening actions of persons for which these defendants are not responsible and/or the criminal activity of persons for which these defendants are not responsible and which were unforeseen to these defendants. As such, plaintiff is barred from any recovery from these defendants.

103. If the factual averments of the plaintiff's complaint are true, it was the consumption of alcoholic beverages or beer rather than the sale or furnishing of any alcoholic beverage or beer which was the proximate cause of any and all injuries inflicted on plaintiff by any intoxicated person and these defendants are therefore not liable to plaintiff.

104. Neither plaintiff nor defendants, Hanson, Cross, Edwards or Herrin were visibly intoxicated when employees of T.R. Franklin d/b/a Tin Roof II sold or furnished any alcoholic beverage or beer to them.

WHEREFORE, having fully answered plaintiff's complaint, T.R. Franklin d/b/a Tin Roof II, Jason Sheer, Kyle McPhee and Greg Romine pray it be dismissed as to them with the costs taxed to the remaining parties to this litigation. In the alternative, these defendants demand a jury of twelve persons to try this cause and such other relief as this Court deems just and proper to award.

Respectfully submitted,

*s/W. Bryan Brooks*
**W. BRYAN BROOKS**
Registration No. 7209
Attorney for T.R. Franklin, Sheer, McPhee and Romine

**BREWER KRAUSE BROOKS**
**CHASTAIN & BURROW, PLLC**
611 Commerce Street, Suite 2600
P.O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2010, a copy of the foregoing ANSWER OF T.R. FRANKLIN, INC. D/B/A TIN ROOF II, JASON SHEER, KYLE MCPHEE AND GREG ROMINE was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system. The parties to be served are as follows:

Philip N. Elbert, Esquire
Registration No. 9430
Lisa P. Binder, Esquire
Registration No. 24052
Attorneys for Plaintiff
Neal & Harwell, PLC
150 Fourth Avenue, North, Suite 2000
Nashville, TN 37219
(615) 244-1713

Larsen McColl Partners, LP
Radnor, Pennsylvania

SMW Carothers, LLC

NDG Carothers, LLC

NDG Properties, Inc.

Gregory Hanson
Chattanooga, TN

Stewart Cross

Allen N. Woods, Esquire
Registration No. 23103
Attorney for Edwards and Herrin
Law Office of Woods and Woods
P.O. Box 128498
Nashville, TN 37212
(615) 321-1426

                                         *s/W. Bryan Brooks*
                                         **W. BRYAN BROOKS**

WBB:rkp