IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MATTHEW GILMER | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:10-cv-0969 |
| | ) | JUDGE CAMPBELL |
| | ) | Magistrate Judge Brown |
| | ) | |
| T.R. FRANKLIN, INC., et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**MOTION FOR SUMMARY JUDGMENT**

Come now Defendants, T.R. Franklin, Inc. d/b/a Tin Roof 2 ("Tin Roof"), and the individually named owners of Tin Roof, Jason Sheer, Kyle McPhee, and Greg Romine, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and hereby move the Court to grant summary judgment on all claims asserted by Plaintiff. These Defendants have filed a Memorandum of Law and a Statement of Undisputed Material Facts in support of this Motion setting forth specific facts and legal grounds for this Motion. As general grounds for this Motion, Defendants would show the Court that there are no genuine issues of material fact and they are entitled to judgment in this action as follows:

    1.    Tin Roof had no affirmative duty to Plaintiff to provide security off of its premise. *McClung v. Delta Square Ltd. P'ship,* 937 S.W.2d 891 (Tenn.1996); *Staples v. CBL & Associates, Inc.,* 15 S.W.3d 83 (Tenn. 2000); and *Z-Gem Co. v. Dollar General-A-Car*, 406 F.Supp.2d 867 (W.D. Tenn. 2005). The Court should find that the incident was not foreseeable because there was no evidence of assaults or criminal activity in the parking lots prior to the incident in question. Even if the Court finds the incident was

foreseeable, it should find that the burden imposed on Tin Roof to provide security outside of its premise is substantially outweighed by the foreseeable harm to Plaintiff. *McClung,* 937 S.W.2d 891; *Staples,* 15 S.W.3d 83; *Barron v. Emerson Russell Maint. Co.*, 2009 WL 2340990 (Tenn. Ct. App. 2009).

    2.    There is no basis for Plaintiff's claim for negligent hiring, training and supervision because there is no evidence that Tin Roof employees were unfit for their employment. *See, e.g., Marshalls of Nashville, Tenn., Inc. v. Harding Mall Associates, Ltd.,* 799 S.W.2d 239, 243 (Tenn.Ct.App.1990); *Doe v. Catholic Bishop for Diocese of Memphis*, 306 S.W.3d 712, 717 (Tenn. App. 2008); and *Brown v. Mapco Exp., Inc.*, 2012 WL 3590379 (Tenn. Ct. App. 2012). There is no allegation of excessive force or "unfitness" of the security staff or the bartending staff working at the time the incident occurred. Plaintiff's conclusory allegations are not enough to establish the requisite unfitness of the employees or any unreasonable risk posed by the employment of the Tin Roof employees at the time the incident occurred.

    3.    Plaintiff's Dram Shop claim fails as a matter of law because Plaintiff cannot establish beyond a reasonable doubt that Tin Roof sold alcohol to Hanson while he was visibly intoxicated or that the sale of alcohol was a proximate cause of his injury. Tenn. Code. Ann. § 57-10-102; *Biscan v. Brown*, 160 S.W.3d 462 (Tenn. 2005); *Worley v. Weigels*, 919 S.W.2d 589 (Tenn. 1996). The Court should dismiss the individually named corporate officers and managers because the undisputed facts show none of these individuals were present at the time the incident occurred, and they cannot otherwise be liable for actions that are considered "corporate actions." Tenn. Code Ann. § 48-18-403; B*rown v. Donco Enterprises, Inc.,* 783 F.2d 644 (6th Cir.1986);

*General Tel. Co. of Southeast v. Boyd,* 343 S.W.2d 872 (Tenn. 1961); *Forrester v. Stockstill,* 869 S.W.2d 328, 333 (Tenn.1994).

WHEREFORE, premise considered, Defendants respectfully request this Court grant summary judgment on all grounds, dismiss this matter against these Defendants as a matter of law, and tax any costs of this matter to the remaining parties.

Respectfully submitted,

*s/Steven J. Meisner*
**STEVEN J. MEISNER**
Registration No. 23777
**BENJAMIN J. MILLER**
Registration No. 25575
Attorneys for T.R. Franklin, Inc., Sheer, McPhee and Romine

**BREWER KRAUSE BROOKS CHASTAIN & BURROW, PLLC**
611 Commerce Street, Suite 2600
P.O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been served by the methods indicated upon the following on this 21st day of September, 2012:

| Methods | Recipient |
|---|---|
| ☐ Hand<br>☐ Regular Mail<br>☐ Certified Mail<br>☐ Fax<br>☐ Fed X<br>☐ Email<br>☒ EFS | Philip N. Elbert, Esquire (BPR #9430)<br>Lisa P. Binder, Esquire (BPR #24052)<br>J. Isaac Sanders, Esquire<br>Neal & Harwell, PLC<br>150 Fourth Avenue, North, Suite 2000<br>Nashville, TN 37219<br>Email: pelbert@nealharwell.com<br>Email: lbinder@nealharwell.com<br>Email: isanders@nealharwell.com<br>Facsimile: (615) 726-0573<br>Phone: (615) 244-1713<br>Attorneys for Plaintiff |
| ☐ Hand<br>☐ Regular Mail<br>☐ Certified Mail<br>☐ Fax<br>☐ Fed X<br>☐ Email<br>☒ EFS | Warren M. Smith, Esquire (BPR #10622)<br>Smith & Tomkins<br>214 Second Avenue, North, Suite 100<br>Nashville, TN 37201<br>Email: wsmith@smithtomkins.com<br>Facsimile: (615) 256-1283<br>Phone: (615) 256-1280<br>Attorney for SMW Carothers, LLC, NDG Carothers, LLC and NDG Properties, Inc. |
| ☐ Hand<br>☐ Regular Mail<br>☐ Certified Mail<br>☐ Fax<br>☐ Fed X<br>☐ Email<br>☒ EFS | Gary R. Wilkinson, Esquire (BPR #011888)<br>The Law Office of Gary R. Wilkinson<br>51 Century Boulevard, Suite 300<br>Nashville, TN 37214-3687<br>Email: wilking2@nationwide.com<br>Facsimile: (615) 391-1668<br>Phone: (615) 873-2777<br>Attorney for Hanson |

*s/Steven J. Meisner*
**STEVEN J. MEISNER**

SJM:dml