IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MATTHEW GILMER )
)
v. ) NO. 3-10-0969
) JUDGE CAMPBELL
T.R. FRANKLIN, INC., et al. )

MEMORANDUM

Pending before the Court are a Motion for Summary Judgment (Docket No. 79) filed by Defendant NDG Properties, Inc. and a Motion for Summary Judgment (Docket No. 84) filed by Defendants T.R. Franklin, Inc. d/b/a Tin Roof 2, Sheer, McPhee and Romine. For the reasons stated herein, the Motion filed by Defendant NDG Properties, Inc, (Docket No. 79) is DENIED, and the Motion filed by the Tin Roof Defendants (Docket No. 84) is GRANTED in part and DENIED in part as follows.

FACTS

Plaintiff alleges that on or about October 17, 2009, he was lawfully on the premises of the Tin Roof establishment in Williamson County, Tennessee. He contends that while he was inside Tin Roof, he and his friends were harassed and threatened by certain other patrons, Defendants Hanson, Cross, Edwards and Herrin, who were drunk and belligerent. Plaintiff avers that the employees of Tin Roof sold alcoholic beverages to Defendants Hanson, Cross, Edwards and Herrin after they had become intoxicated and belligerent.

Plaintiff asserts that Defendants Hanson, Cross, Edwards and Herrin left the Tin Roof but remained on the premises, waiting in the parking lot for Plaintiff and his friends. Plaintiff claims that when he left Tin Roof, he was accosted again by Defendants Hanson, Cross and Edwards and was verbally harassed and baited. Then, Plaintiff alleges, Defendant Hanson retrieved a golf club

from his vehicle and struck Plaintiff with it. Plaintiff also contends that Defendants Cross, Edwards and Hanson beat Plaintiff with their fists, striking and bruising Plaintiff even after he was helpless and on the ground.

Plaintiff has dismissed his claims against Defendants Larsen McColl Partners, SMW Carothers, NDG Carothers, Edwards and Herrin. Docket Nos. 73, 75 and 78. In addition, Plaintiff dismissed his claims for *per se* illegal conduct (no liquor license) against Tin Roof. Docket No. 78.

With regard to the remaining Defendants, Plaintiff alleges the following claims: (1) premises liability against Defendant T.R. Franklin, Inc. d/b/a the Tin Roof II and/or Tin Roof 2 ("Tin Roof") and Defendant NDG Properties, Inc.; (2) negligent hiring, training, supervision and/or control of employees against Defendant Tin Roof; (3) *respondeat superior* against Defendant Tin Roof; (4) dram shop liability against Defendants Tin Roof, Sheer, McPhee and Romine; (5) negligence and lessor liability against NDG Properties, Inc.; (6) assault and battery against Defendants Hanson and Cross; (7) false imprisonment against Defendants Hanson and Cross; and (8) civil conspiracy against Defendants Hanson and Cross.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## TIN ROOF DEFENDANTS

Plaintiff's claims against Defendant Tin Roof are based upon an alleged failure to protect Plaintiff from his altercation with and alleged assault by Defendants Hanson, Cross, Edwards and Herrin and Plaintiff's resulting personal injuries.

To establish negligence, Plaintiff must prove (1) a duty of care owed by Defendant Tin Roof to Plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) injury or loss; (4) cause in fact; and (5) proximate or legal cause. *Patterson-Khoury v. Wilson World Hotel - Cherry Road*, 139 S.W.3d 281, 285 (Tenn. Ct. App. 2003). Duty of care is the legal obligation owed by a defendant to a plaintiff to conform to a reasonable person standard of care for protection against unreasonable risks of harm. *McClung v. Delta Square Limited Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996).

3

Whether there is a duty owed by one party to another is a question of law to be decided by the Court. *Friedenstab v. Short*, 174 S.W.3d 217, 225 (Tenn. Ct. App. 2004). However, once a duty is established, the scope of duty or the standard of care is a question of fact to be decided by the trier of fact. *Id.* In determining the duty that exists, the foreseeability of harm and the gravity of harm must be balanced against the commensurate burden imposed on the business to protect against that harm. *McClung*, 937 S.W.2d at 902. The issue of foreseeability is generally a question of fact for the jury, unless no reasonable person could dispute the only reasonable outcome. *McCall v. Wilder*, 913 S.W.2d 150, 157 (Tenn. 1995).

While a business is not an insurer of its customers' safety, it does have a duty to take reasonable steps to protect its customers from foreseeable criminal attacks by third parties. *Patterson-Khoury* 139 S.W.3d at 286 (citing *McClung*, 937 S.W.2d at 902)). If a business knows or has reason to know that criminal acts against its customers on its premises are reasonably foreseeable, then a duty to take reasonable steps to protect customers arises. *McClung*, 937 S.W.2d at 902.

In this case, the Court finds that there are genuine issues of material fact as to what Defendant Tin Roof knew or should have known concerning the potential for criminal acts on its premises. At a minimum, the Court finds that it is reasonably foreseeable that patrons of a bar, after having consumed alcoholic beverages, might start altercations and physical fights. The Court finds that Defendant Tin Roof, as owner of the business, could reasonably foresee the possibility of criminal attacks or violence by third parties against its patrons.

The scope of the duty to protect customers from this foreseeable risk, however, is a question for the trier of fact. A reasonable standard of care must be determined by the jury, and Plaintiff has

shown genuine issues of material fact as to what standard of care would be reasonable under the circumstances.

For example, what actually happened inside the business and outside in the parking lot is disputed. Docket No. 93, ¶¶ 2, 3, 5-9. Whether Plaintiff's group of friends was threatened inside the bar by Hanson and his friends is disputed. *Id*., ¶¶ 14-16. Whether Hanson was visibly intoxicated is at issue. *Id*., ¶¶ 21-23. Whether, and if so under what circumstances, Defendant Tin Roof ever took steps to protect patrons leaving the bar is a disputed issue of fact. *Id*., ¶ 26. Whether the security which *was* provided was enough to meet a reasonable standard of care is a hotly contested fact. *Id*., ¶¶ 33, 36-38.

The parties also dispute which entity - Tin Roof as the business proprietor and lessee, or NDG Properties, Inc. as manager and agent of the owner of the premises - was responsible for security in and around this business. Docket No. 93, ¶¶ 28-35. Tin Roof claims that its leased property does not encompass the parking lot. The parties dispute whether there had been prior incidents of assaults or violence on the premises or in the parking lot of Tin Roof sufficient to put Defendants on notice. *Id*., ¶¶ 36-38.

Furthermore, there is a dispute as to whether the Tin Roof employees knew about the altercation inside the business and whether Plaintiff and/or Hanson was asked to leave. There is an issue as to whether a reasonable standard of care, under the circumstances, would have required the Tin Roof employees to take any steps to monitor the two groups of patrons once they exited the building, given their dispute inside, especially if they had to evict two of the patrons. Plaintiff maintains that Tin Roof not only knew there had been an altercation, but also knew which specific patrons had been involved.

5

Thus, the scope of the duty owed by Defendant Tin Roof to Plaintiff and whether Defendant breached that duty both involve issues of material fact which preclude summary judgment on Plaintiff's premises liability claim against Tin Roof.

With regard to Plaintiff's claims against Tin Roof for negligent hiring, training, supervision and/or control of employees, Tennessee courts do recognize the negligence of an employer in the selection and retention of employees. *Doe v. Catholic Bishop for Diocese of Memphis*, 306 S.W.3d 712, 717 (Tenn. Ct. App. 2008). A plaintiff in Tennessee may recover for negligent hiring of an employee if he establishes, in addition to the elements of a negligence claim, that the employer had knowledge of the employee's unfitness for the job. *Id.*; *Holt v. Macy's Retail Holdings, Inc.*, 719 F.Supp. 2d 903, 917 (W.D. Tenn. 2010); *Brown v. Mapco Express, Inc.*, 2012 WL 3590379 at * 5 (Tenn. Ct. App. Aug. 22, 2012).

The Court finds that Plaintiff has not shown that Tin Roof employees were unfit for their jobs, so he also has not shown that Tin Roof should have known that these employees were unfit. Plaintiff's conclusory statements do not take the place of alleging facts to support his claim that Tin Roof had knowledge of its employees' unfitness for the jobs. In his Response to this Motion for Summary Judgment, Plaintiff does not argue for a negligent hiring and retention claim. Docket No. 92. Therefore, Plaintiff's claim for negligent hiring and retention is dismissed.

There are issues of fact, however, with regard to whether Tin Roof had a duty to provide more adequate training for its employees in issues of security, including the recognition of patrons who were intoxicated and what to do when altercations arise. Plaintiff contends that Tin Roof had no written policies concerning security and did not train its employees in security. Plaintiff avers that Tin Roof does not require its employees to be trained in the identification of intoxicated

6

persons. Whether these facts are true, and if so, whether they constitute a breach of a reasonable duty of care are for the trier of fact to sort out. The Court cannot make this determination on a summary judgment motion because there are issues of fact for the jury.

Similarly, the parties disagree as to whether Defendant Hanson was visibly intoxicated and whether Tin Roof sold him additional alcoholic beverages after it should have known he was intoxicated, in violation of the Dram Shop Act. The two relevant statutes are Tenn. Code Ann. § 57-10-101 and § 57-10-102. The first statute provides that, in Tennessee, the consumption of any alcoholic beverage or beer rather than the furnishing of any alcoholic beverage or beer is the proximate cause of injuries inflicted upon another by an intoxicated person. Section 57-10-102 provides that, notwithstanding the provisions of § 57-10-101, any person who sold any alcoholic beverage or beer to a visibly intoxicated person and such person caused personal injury or death as the direct result of the consumption of the alcoholic beverage or beer so sold may be liable _if_ a jury of twelve persons ascertains, beyond a reasonable doubt, that the sale by such person was the proximate cause of personal injury or death sustained by the consumer.

Whether Tin Roof employees served alcohol to Hanson at a time when they knew or should have known that he was visibly intoxicated and whether any such sale of alcohol was a proximate cause of Plaintiff's injury involves genuine issues of material fact which preclude summary judgment on this claim.

The Court finds, however, that Plaintiff has failed to support his Dram Shop claims against the individual Defendants by establishing genuine issues of material fact concerning their liability. Defendant T.R. Franklin, Inc. does business as Tin Roof. The individual owners of the corporation

were not present at the time of this incident and did not serve alcohol to anyone that night. They are not liable for the corporation's actions. Tenn. Code Ann. § 48-18-403.

For these reasons, the Tin Roof Defendants' Motion for Summary Judgment is granted in part and denied in part. Plaintiff's claims for negligent hiring and retention and Plaintiff's Dram Shop claims against Defendants Sheer, McPhee, and Romine are dismissed.

## DEFENDANT NDG PROPERTIES, INC.

Plaintiff's claims against Defendant NDG Properties, Inc. ("NDG") include premises liability, negligence and lessor liability, all of which require a showing of negligence.

Defendant NDG Properties, Inc. contends that it breached no duty owed to Plaintiff to provide security for the benefit of Tin Roof patrons. Defendant submits that, prior to Plaintiff's injuries, it had no reason to reasonably foresee a major violent incident occurring in the parking lot of the shopping center in which this incident occurred. Defendant NDG asserts that there were no known similar incidents of violence in or around the property during its approximately two to three years of operation.

Plaintiff, on the other hand, cites testimony from patrons and Tin Roof employees that there were similar altercations at Tin Roof before Plaintiff's assault. Defendant points out that these alleged incidents all occurred *inside* Tin Roof, not in the parking lot. Plaintiff also points to Tin Roof's allegation that its lease with SMW Carothers and NDG Carothers makes the need for security in the parking lots the sole discretion of these landlords and the property manager, NDG Properties. *See* Docket No. 93, ¶¶ 29 - 35 and Docket No. 86, pp. 3-4. There is a disputed issue as to whether the lease designates responsibility for security in the parking lot near the Tin Roof business and, if so, to whom.

The Court finds that there are genuine issues of material fact as to the liability, if any, of Defendant NDG Properties, Inc. What NDG knew or should have known will have to be determined by the trier of fact. Whether NDG owed a duty to Plaintiff under these circumstances depends, at least to some extent, on the intention of the parties to the lease, which involves questions of fact. Moreover, the scope of any such duty is also a question for the jury.

## CONCLUSION

For all these reasons, the Motion for Summary Judgment (Docket No. 79) filed by Defendant NDG Properties, Inc. is denied. The Motion for Summary Judgment (Docket No. 84) filed by Defendants T.R. Franklin, Inc. d/b/a Tin Roof 2, Sheer, McPhee and Romine is granted in part and denied in part. Plaintiff's claim for negligent hiring and retention against the Tin Roof Defendants and Plaintiff's claim against the individual Defendants are DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE